```
 1                       UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF NEW YORK
 2

 3    -------------------------------X
                                     :
 4    UNITED STATES OF AMERICA,      :
                                     :  17-MJ-0358 (PK)
 5              v.                   :
                                     :  April 21, 2017
 6    RUSLAN MIRVIS,                 :  Brooklyn, New York
                                     :
 7                    Defendant.     :
                                     :
 8    -------------------------------X

 9
            TRANSCRIPT OF CRIMINAL CAUSE FOR BAIL APPLICATION
10                  BEFORE THE HONORABLE PEGGY KUO
                    UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13
     For the Government:         DREW ROLLE, ESQ.
14                               U.S. Department of Justice
                                 271 Cadman Plaza East
15                               Brooklyn, New York 11201

16

17   For the Defendant:          AMANDA DAVID, ESQ.
                                 Federal Defenders of New York
18                               100 Pierrepont Plaza
                                 Brooklyn, New York 11201
19

20

21

22   Court Transcriber:          SHARI RIEMER, CET-805
                                 TypeWrite Word Processing Service
23                               211 North Milton Road
                                 Saratoga Springs, New York 12866
24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.
```

2

1   (Proceedings began at 4:35 p.m.)
2             THE CLERK:  Criminal Cause for Arraignment, 17-M-
3   358, United States v. Ruslan Mirvis.
4             Counsel, state your appearances, please.
5             MR. ROLLE:  Good afternoon, Your Honor.  Drew Rolle
6   for the United States.
7             MS. DAVID:  Good afternoon, Your Honor.  Amanda
8   David on behalf of Mr. Mirvis who is present.
9             THE COURT:  Mr. Mirvis, you're charged in a criminal
10  complaint with production of child pornography.  Have you
11  received a copy of the complaint?
12            THE DEFENDANT:  Yes.
13            THE COURT:  Have you had a chance to discuss it with
14  your attorney?
15            THE DEFENDANT:  Yeah.
16            THE COURT:  You understand what you're being charged
17  with?
18            THE DEFENDANT:  Correct.
19            THE COURT:  You have the right to an attorney.  If
20  you can't afford one, one will be appointed for you.  You've
21  submitted a financial affidavit which I've reviewed and I find
22  that you are eligible to have an attorney appointed to
23  represent you.  Do you wish to have Ms. David and the Federal
24  Defenders of New York appointed to represent you?
25            THE DEFENDANT:  Yes, please.

3

1        THE COURT:  You also have the right to remain
2   silent.  You don't have to make any statements.  If you've
3   made any statements in the past you don't have to make any
4   more statements.  If in the future you start to make a
5   statement you could stop at any time.  Any statement you do
6   make will be used against you.  Do you understand?
7        THE DEFENDANT:  Yes.
8        THE COURT:  Ms. David, what would you like to do
9   with regard to a preliminary hearing?
10       MS. DAVID:  We would waive preliminary hearing.
11       THE COURT:  How should we be proceeding?
12       MR. ROLLE:  Your Honor, the Government asks for a
13  permanent order of detention in this case.  The circumstances
14  that bring us here are recounted in large part.  The complaint
15  that that -- is only part but even what's recounted in that
16  complaint I think demonstrates the risk to the community that
17  this defendant poses.  The conduct that he's engaged in that
18  frankly the FBI and law enforcement were notified of and
19  responded as quickly as they could is troubling to say the
20  least.  These were vulnerable victims, one of which is
21  recounted in detail in the complaint but as stated in the
22  complaint there were many more.  This defendant prayed upon
23  vulnerable victims, young minor females and then controlled
24  them to do additional things and produce child pornography
25  which is why we're here.

4

1           To release the defendant we think would pose a risk
2  to these victims who are real people across this country who
3  we are best to protect their identities and we hope discover
4  and don't have to live in fear of continued communication on
5  this defendant.
6           Separately, the charges are incredibly serious and
7  the risk of flight is enhanced by the fact that the penalties
8  are serious and [inaudible] with the seriousness of the
9  offense.  So we'd ask for a permanent order of detention, Your
10 Honor.
11          THE COURT:  I'll hear from the defense.
12          MS. DAVID:  Yes, Your Honor.  Mr. Mirvis as the
13 Court is aware from the Pretrial report does not have any
14 international ties as well as has not ever traveled outside of
15 the country.  So I don't think that there's a -- given that --
16 given the lack of international ties and the fact that he
17 doesn't have any international travel the Court would be
18 reassured with a suretor that he would come back to Court.
19          Of course the charges are serious but they are still
20 allegations.  The Court could also put in place very strict
21 guidelines through Pretrial that would prevent Mr. Mirvis from
22 accessing a computer altogether if the Court has concerns
23 about any ongoing or danger to the community.
24          Mr. Mirvis's mother is present in the audience.  As
25 noted in the bail report she would be willing to sign off on a

5

1  bond.  Unfortunately his mother has recently become ill and is
2  now suffering from -- is battling cancer.  She previously
3  worked for 22 years in a hospital working with dialysis
4  patients.  She is willing to put up her social security to the
5  extent that the Court is willing to sign a bond in efforts to
6  show the Court how serious she is about wanting to reassure
7  that her son would reappear in court.  He does live with his
8  parents.  They are both ailing and my understanding is that he
9  does help take care of them.  So if the Court is willing to
10 consider that I can provide more information.  If not, I would
11 ask that the Court if -- if you are to enter a permanent order
12 of detention give leave to reopen.
13             THE COURT:  So you're proposing a bond of how much?
14             MS. DAVID:  Your Honor, because of Ms. Mirvis's
15 limited income, she makes about -- well, she gets about $1,069
16 in social security per month.  We would ask for a lower bond
17 of approximately $25,000.
18             MR. ROLLE:  Your Honor, if I may respond briefly.
19             THE COURT:  Yes.
20             MR. ROLLE:  Of course this is a case involving child
21 exploitation.  The presumption attaches.  I think while his
22 family is here and that's [inaudible] as far as the defendant
23 is concerned, this happened and he was found in the parents'
24 home today.  I think that goes a long way to say how much
25 suasion these folks have on him and I don't think anything the

6

1   defense has raised rebuts that presumption of dangerousness
2   which [inaudible] the presumption here, Your Honor, that the
3   danger is clear and is present.  So, again, we'd ask for a
4   permanent order of detention.
5           THE COURT:  So the crimes that are alleged here
6   occurred through the computer, through access to the computer.
7   What assurance is there that Mr. Mirvis won't have access to a
8   computer while in his parents' home?
9           MS. DAVID:  My understanding, Your Honor, is that
10  Pretrial Services can through their monitoring of Mr. Mirvis
11  monitor his actual computer use.  They can also -- to the
12  extent that there are still computers -- I don't know based on
13  the search warrant that was executed on Mr. Mirvis's home
14  whether or not there is any actual technology available to him
15  still but there are efforts that Pretrial can put into place
16  to monitor his use.  He can also be on home confinement to the
17  extent that the Court is worried about him being able to leave
18  his home to do anything else besides court ordered -- go to
19  court appearances or visit with myself or Pretrial Services.
20          THE COURT:  Well, my main issue is computer
21  access --
22          MS. DAVID:  Yes, Your Honor.
23          THE COURT:  -- because these crimes happened that
24  way.  I haven't heard much about what could be done there.  I
25  had a case similar to this earlier in the week where the -- I

7

1  had asked for all internet access to be cut off, all smart
2  phones to be excluded from the home and to have the family
3  show proof of that.
4           MS. DAVID:  I think that's something that Mr. Mirvis
5  and his family would be willing to do if the Court were
6  inclined.
7           THE COURT:  Right.  My order there was appealed to
8  the district judge.  So I don't know -- I have not heard yet
9  what happened there.  I'm not -- the bond that you're
10 proposing is way too low and based on what I'm hearing I'm not
11 prepared to release him today.  So if you want to put together
12 a better bail package then I think I will grant you leave to
13 do that at some later point but those are my articulated
14 concerns about releasing him today.
15          So I'll enter -- yes, Mr. Rolle.
16          MR. ROLLE:  Just for the record as well, unlike many
17 of these cases that we have and the means and methods used to
18 perpetrate them the use of a third party platform to commit
19 these crimes is unique and I don't think resolved by or could
20 be addressed by the conditions that usually may attach to
21 certain child pornography defendants.  This is not one where
22 things were stored and kept exclusively and that's why we're
23 here.  The third party platform is publicly available.  This
24 was only found out because that social media provider did a
25 good job and let us know, let us know about it.

8

1        Notably the platform and the investigation that has
2   to be done into the platform, the account was that of -- it
3   was a fake account.  Although it was in the name of a real
4   person it was a fake account that the defendant created.
5   There are no assurances that that can't happen from any device
6   in the entire universe, a library.  There's no way to assure
7   that the way that this was committed would be prevented in the
8   future.  So I just wanted to put that on the record that
9   that -- there is a distinction between some of the child
10  pornography cases that we usually see and what we're faced
11  with here, Your Honor.
12            THE COURT:  So what you're saying is that even if
13  there are no devices in the home to the extent that he is
14  outside the home he may have devices there?
15            MR. ROLLE:  That risk -- the risk that attends
16  continues even outside the home.
17            MS. DAVID:  Just to briefly respond, Your Honor.  Of
18  course if the Court were to limit his movement to only be
19  inside of his home then that would give the Court some
20  reassurances that he's not able to access any devices outside
21  of his home.
22            THE COURT:  Right.  Okay.  So it's useful to have
23  those things articulated so that if defense counsel wants to
24  present a bail package that addresses those points then she
25  would have the opportunity to do so.

```
                                                                9
 1            So I'm entering this order of permanent detention
 2   with leave to reopen if there's a bail package presented.
 3            Is there anything further?
 4            MR. ROLLE:  Nothing from the Government, Your Honor.
 5            MS. DAVID:  Nothing from the defense, Your Honor.
 6            THE COURT:
 7   (Proceedings concluded at 4:46 p.m.)
 8                          *  *  *  *  *
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                              10
 1       I certify that the foregoing is a court transcript from
 2   an electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5                                    _____
 6                                         Shari Riemer, CET-805
 7   Dated:  January 9, 2018
```